**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| BRAD BARNARD, INDIVIDUALLY AND | § | |
| ON BEHALF OF ALL SIMILARLY | § | |
| SITUATED PERSONS | § | |
| | § | |
| V. | § | CIVIL NO. A-06-CA-491-LY |
| | § | |
| THE HOME DEPOT U.S.A., INC. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court is Defendant Home Depot's Motion to Dismiss, filed July 17, 2006 (Clerk's Dkt. #11),  Plaintiff's Response to Home Depot's 12(b)(6) Motion to Dismiss, filed August 16, 2006 (Clerk's Dkt. #19), and Defendant Home Depot's Reply to Plaintiff's Response to Home Depot's 12(b)(6) Motion to Dismiss, filed August 30, 2006 (Clerk's Dkt. #23).  The motion was referred by United States District Judge Lee Yeakel to the undersigned for a Report and Recommendation as to the merits of said motion pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.  After reviewing the parties' pleadings, relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

**I. Background**

On May 30, 2006, Plaintiff Brad Barnard, individually and on behalf of all similarly situated persons, filed a class action petition against Home Depot in the 250th Judicial District Court in Travis County, Texas.  Cause No. D-1-GN-06-001942.  Plaintiff claimed that Home Depot engaged

in a variety of unlawful practices in regards to its tool rental business, including breach of contract, unconscionable practices in violation of Texas Business and Commerce Code § 2A.108 (hereinafter, "Texas UCC"), and unenforceable penalties in violation of Texas UCC § 2A.504. (Original Petition at ¶¶ 19-27). Asserting diversity jurisdiction under 28 U.S.C. § 1441(b), Home Depot removed the action to federal court.

In the factual section of the petition, Plaintiff alleges that on October 30, 2003, he rented a hedge trimmer and chipper/shredder from a Home Depot located in Austin, Texas. He paid $60.00 for the rental, and was automatically charged an additional 10% ($6.00) as a "Damage Waiver." Plaintiff contends that although the damage waiver is optional, the 10% additional charge is automatically included with the rental, and the customer is not informed that the charge is optional. Further, he alleges that the protection provided by the waiver is "essentially worthless" due to exclusions contained in the rental terms. There is no allegation that the Plaintiff actually damaged any of the rented equipment, or at any time sought the protection of the waiver's terms. In the motion to dismiss, Home Depot contends that the rental agreement was fully performed, as demonstrated by Exhibit A to the petition (the rental invoice).

Home Depot has filed a motion to dismiss the instant action pursuant to 12(b)(6) of the Federal Rules of Civil Procedure, asserting that Plaintiff has failed to state a claim on which relief can be granted. Plaintiff filed a response to the motion, and Home Depot has filed a reply. This matter is now ripe for consideration.

## II.  Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint that fails "to state a claim upon which relief can be granted."   A 12(b)(6) motion should be granted if "it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  When ruling on a 12(b)(6) motion to dismiss, the court must accept the plaintiff's well-pleaded factual allegations as true, and view these allegations in a light most favorable to the plaintiff.  *Capital Parks, Inc. v. Se. Adver. & Sales Sys.*, 30 F.3d 627, 629 (5th Cir. 1994); *Shushany v. Allstate, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993). However, conclusory allegations or legal conclusions masquerading as factual conclusions do not operate to defeat a motion to dismiss.  *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

### III. Analysis

#### A. Standing

Home Depot first contends that Plaintiff lacks stranding to assert his claims because "he seeks a remedy for a problem that does not exist."  Motion to Dismiss at 4.  It goes on to contend that Plaintiff is complaining about the lack of protection he received from the damage waiver, when in fact he never damaged the rented equipment, and thus never had a dispute with Home Depot regarding covering (or not) any such damage.  From this, Home Depot contends that Plaintiff has suffered no injury, and therefore lacks standing.  In response, the Plaintiff states that Home Depot has misconstrued his complaint.  He states that he incurred damage the minute he signed the contract charging the $6.00 damage waiver.  He claims that his case is not about Home Depot denying him coverage for damage that occurred to the tools, but instead is "about illusory 'coverage' slipped in as a negative option."  Response at 3.

At this stage of the proceedings, when the Court must take all of the allegations of the complaint as true, the Court cannot recommend dismissal for lack of standing.  Plaintiff does not

only complain about being charged for what he contends was worthless damage insurance, but he also complains about the "negative" manner in which the charge was included within the contract. He contends that he suffered actual damages (of $6.00) as a result of these actions.  Taking these allegations as true, this is enough at this stage to demonstrate standing to survive Home Depot's motion to dismiss.

**B.      Breach of Contract**

Home Depot next contends that Plaintiff's cause of action for breach of contract[1] fails to state a claim.  Home Depot offers two general attacks to this claim.  First, Home Depot argues that Plaintiff has failed to allege facts in support of all the required elements of the claim.  Defendant's Motion at 5-6.  Second, Home Depot  argues that recission is not an available remedy because the contract has been fully executed.  *Id.* at 6-8.

With regard to Home Depot's first argument, the elements for a breach of contract claim under Texas law are: "(1) that a valid contract existed; (2) that the plaintiff performed; (3) that the defendant breached; and (4) that the plaintiff suffered damages as a result."  *Wright v. Christian & Smith*, 950 S.W.2d 411, 412 (Tex. App.–Houston [1st Dist.] 1997, no writ).  While there is no question that a contract existed upon which Plaintiff performed, the Original Petition fails to identify a breach of the contract (or any resulting damages).  Original Petition, ¶¶ 19-23.  The Petition represents that: "Defendant was obligated to provide Plaintiff protection from liability if the equipment was accidentally damaged; Defendant failed to provide this protection."  Original Petition, ¶ 21.  But as Home Depot points out in its motion to dismiss, Plaintiff did not damage the

---

[1]*See* Original Petition, ¶¶ 19-23.  Plaintiff prays for damages or, in the alternative, for recission of the contract.  *Id.* at ¶ 22.

tool he rented, such that the damage waiver provision was never put to the test.  Defendant Home Depot's Motion to Dismiss, p. 5.  Taking all of the facts of the petition as true, as a matter of law Home Depot did not breach the contract by failing to provide damage protection for a tool that was never damaged, and by failing to provide coverage that was never sought.  In this regard, Home Depot is correct that Plaintiff's claim is entirely speculative.

Plaintiff's alternative claim for rescission also fails to state a claim upon which relief can be granted.  As an initial matter, Plaintiff has failed to cite any precedent to support this Court's authority to rescind a fully executed contract.  Moreover, "[t]he remedy of rescission and cancellation is an equitable one, and a party cannot avoid his contract on the ground that he received less in value than he supposed, or that what he has received has no value at all unless he shows additional facts entitling him to equitable relief such as fraud or mistake." *Chenault v. County of Shelby*, 320 S.W.2d 431, 433 (Tex. Civ. App.–Austin 1959, writ refused n.r.e.) (internal citations omitted).  *See also Martin v. Cadle Co.*, 133 S.W.3d 897, 903 (Tex. App. – Dallas 2004, pet. denied).  Accordingly, Plaintiff's claim to having paid for an "illusory protection," is unavailing as a breach of contract claim. Original Petition, ¶ 22.   Furthermore, even if the Court accepted Plaintiff's conclusory assertion that the damage waiver is an illegal penalty provision, Texas law will "neither aid in the enforcement of an illegal executory contract, nor relieve from an illegal contract, a party who has executed it." *Hermann v. Lindsey*, 136 S.W.3d 286, 290 (Tex. App.–San Antonio 2004, no pet.) (internal citations omitted).[2]

---

[2]Plaintiff's reliance on cases in which courts have refused to enforce illegal contracts is misplaced.  Response at 5 n. 2.  The fundamental distinction between the cases cited by Plaintiff and the one presently before this Court is that the cited cases refused to *enforce* illegal contracts, whereas in this case, the contract has been fully performed such that enforcement is no longer an issue.

Because Plaintiff has failed to plead any facts on which he could recover for breach of contract, and because rescission is not an appropriate remedy in this instance, Home Depot's Motion to Dismiss the breach of contract claim has merit and should be granted.

## C.    Unconscionability Under the Texas UCC

Plaintiff's second cause of action alleges that the damage waiver is "unconscionable" within the meaning of Texas UCC § 2A.108.  Original Petition ¶ 25.  *See* Tex. Bus. & Comm. Code § 2A.108.  Specifically, Plaintiff claims that the waiver is unconscionable because it is a negative option with no real value. *Id*.  Home Depot's principal argument in favor of dismissing this claim is that Texas UCC § 2A.108 is defensive in nature and does not provide an affirmative basis for relief.  Motion at 8.

The question of whether Texas UCC § 2A.108 provides an affirmative basis for relief has not been examined by Texas courts.  Section 2A.108(a) provides:

> If the court as a matter of law finds a lease contract or any clause of a lease contract to have been unconscionable at the time it was made, the court may refuse to enforce the lease contract, or it may enforce the rest of the lease contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

Tex. Bus. & Comm. Code § 2A.108(a).  Other jurisdictions interpreting similar provisions of their own UCC statutes have uniformly held that these provisions are purely defensive in nature, and do not provide for the recovery of damages.[3]  Commentators examining the Texas statute have reached

---

[3]*E.g., Cowin Equip. Co. v. General Motors Corp.*, 734 F.2d 1581, 1582 (11th Cir. 1984) (holding that the analogous Alabama and Ohio UCC provisions are defensive in nature, and rejecting the argument that damages can be awarded based on unconscionability); *Mitchell v. Ford Motor Credit Co.*, 68 F. Supp. 2d 1315, 1318 (N.D. Ga. 1998) (interpreting virtually identical statutory language as codifying the common law defense of unconscionability, and concluding that "the Court finds no authority that the doctrine of unconscionability provides a basis for affirmative relief."); *Whitman v. Conn. Bank and Trust Co.*, 400 F. Supp. 1341, 1346 (D. Conn. 1975) ("The

6

the same conclusion.  49 Tex. Prac., Contract Law § 3.11 (West) (2006) ("Under the [Texas] UCC, unconscionability is an affirmative defense to the enforcement of a contract, whereas unconscionability under the DTPA may support [various damages]."); *See*, 12 Tex. Prac., Tex. Methods of Practice § 26.6 (West) (2006) (listing the defensive remedies available under the Texas UCC, and stating that "[u]nconscionability is also, of course, an independent cause of action under the Texas Deceptive Trade Practices Act").

Plaintiff fails to cite any contrary authority, relying instead on the language of Texas UCC § 2A.108(b), the relevant portion of which provides:

> With respect to a consumer lease, if the court as a matter of law finds that a lease contract or any clause of a lease contract has been induced by unconscionable conduct . . . the court may grant appropriate relief.

TEX. BUS. & COMM. CODE § 2A.108.(b).  By its very terms, this provision is limited to unconscionable inducement, and does not extend to the mere presence of an unconscionable clause within a lease that was fairly executed.  Stated another way, Texas UCC § 2A.108(b) applies to procedural unconscionability, and not to substantive unconscionability.  When substantive

---

'unconscionability' provision of the Uniform Commercial Code . . . carries no provision for damages . . ."); *Pearson v. Nat'l Budgeting Sys., Inc.*, 31 A.D.2d 792 (N.Y. App. Div. 1969) (construing the relevant provision of the New York UCC as "not provid[ing] any damages to a party who enters into an unconscionable contract"); *Galvin v. First Nat'l Monetary Corp.*, 624 F. Supp. 154, 158 (E.D.N.Y. 1985) (UCC § 2-302, governing unconscionable contracts, "makes no provision for damages, and none may be recovered thereunder"); *Arthur v. Microsoft Corp.*, 676 N.W.2d 29, 39 (Neb. 2004) (same); *Williams v. E.F. Hutton Mortg. Corp.*, 555 So.2d 158, 161-62 (Ala. 1989) (neither the common law or the UCC allows affirmative relief for unconscionability); *Major v. Microsoft, Corp.*, 60 P.3d 511, 517 (Okla. Civ. App. 2002) (UCC § 2-302 "is not a basis for affirmative relief"); *Best v. U.S. Nat'l Bank*, 714 P.2d 1049, 1055-56 (Or. App. 1986) (surveying cases in multiple jurisdictions and concluding that UCC § 2-302 is not a basis for awarding damages); *Garret v. Janiewski*, 40 So.2d 1324, 1327 (Fla. 4th DCA 1985) (plaintiff's request for a refund presented a "serious problem" where "the authorities all seem to hold that damages are not recoverable" for unconscionability under the Florida UCC).

unconscionability is at issue, Texas UCC § 2A.108(a) applies.   And unlike its procedural counterpart, the remedies under Texas UCC § 2A.108(a) are defensive in nature, and do not vest courts with the discretion of granting all appropriate relief.  Plaintiff's principal allegation – that the damage waiver is unconscionable because it has no real value (See Original Petition, ¶ 25) – goes to the substantive unconscionability of the waiver.  This allegation must be dismissed because Texas UCC § 2A.108(a) does not create an affirmative cause of action for substantive unconscionability.

However, Plaintiff also alleges some indications of procedural unconscionability. Specifically, Plaintiff alleges that the damage waiver was unconscionably induced because it is a negative option that is automatically assessed without expressly informing the lessee that it is optional.  Original Petition ¶ 25.  But upon renting the tool, Plaintiff was, in fact, provided with the Terms and Conditions page of the contract, which included the damage waiver.  Original Petition, Exhibit B.  Plaintiff also signed a rental invoice acknowledging that the rental charges – including the damage waiver – were correct.  Original Petition, Exhibit A.  Absent fraud, Plaintiff is presumed to have known the contents of a document that he signed, and has an obligation to protect himself by reading a document before signing it.   *Marsh v. Marsh*, 949 S.W.2d 734, 742 (Tex. App.–Houston [14th Dist.] 1997, no writ).  Because Plaintiff has not alleged fraud, the presumption applies, and Plaintiff is presumed to have known that the damage waiver was optional.

There is some confusion as to the legal standard that applies to a claim of unconscionability under Texas UCC § 2A.108.  Home Depot argues that the statutory standard is the same as for common law claims of unconscionability.  Motion, p. 10-12.  Plaintiff suggests that the common law standard may be inappropriate, but that even under the common law standard, the lease was unconscionably induced.  Reply, p. 7.  The case law on this issue is thin, but it appears that the few Texas courts that have articulated the legal standard under Texas UCC § 2A.108 have not looked

to common law interpretations, but to related statutes.  Hence, in *Gallardo v. TCI Cablevision of Texas, Inc.*, the court looked to the definition of unconscionabilty contained in TEX. BUS. & COMM. CODE § 17.45, which relates to Deceptive Trade Practices.  *Gallardo v. TCI Cablevision of Texas, Inc.*, WL 1932662 at *3 (Tex. App. – Corpus Christi Aug. 31, 2004, no pet.).  Under this standard, an action is unconscionable if it takes advantage of a lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree.  TEX. BUS. & COMM. CODE § 17.45. Alternatively, in *Lebron v. Citicorp Vendor Fin., Inc.*, the court used the standard of unconscionability that is contained in U.C.C. § 2-302 cmt. 1, the analogue to Tex. UCC § 2A.108. *Lebron v. Citicorp Vendor Fin., Inc.*, 2004 WL 1615837 at *2 (Tex. App. – Dallas July 20, 2004, no pet.).  Under this standard:

> [T]he basic test for unconscionability is whether, given the parties' general commercial background and the commercial needs of the particular trade or case, the clause involved is so one-sided that it is unconscionable under the circumstances existing when the parties made the contract.  The principle is one of preventing oppression and unfair surprise and not of disturbing allocation of risks because of superior bargaining power.

U.C.C. § 2-302 cmt. 1.  While these two standards echo similar themes, the Court considers the definition contained in TEX. BUS. & COMM. CODE § 17.45 to be most helpful because it is directed towards procedural unconscionability, whereas the U.C.C. comment is directed to substantive unconscionability.  Specifically, § 17.45 describes unconscionable conduct, whereas the U.C.C. provision discusses an unconscionable clause.

Relying on the standard articulated in TEX. BUS. & COMM. CODE § 17.45, the Court finds that, as a matter of law, the damage waiver was not unconscionably induced.  In examining the definition of unconscionability contained in § 17.45, the Texas Supreme Court has emphasized that the resulting unfairness must be gross.  *Chastain v. Koonce*, 700 S.W.2d 579, 582 (Tex. 1985)

(finding no unconscionability where the defendant misrepresented to prospective buyers that adjacent lots would be used for residential purposes). This Court cannot find that gross unfairness existed solely because a lease contained an optional charge, especially when the optional charge was disclosed on documents that were provided to, and signed by, the Plaintiff.  Plaintiff offers no authority suggesting that a negative option is unfair in any way, let alone that such a provision amounts to gross unfairness.  Additionally, the inclusion of a negative option is far removed from the examples of procedural unconscionability that are listed in the comments to Texas UCC § 2A.108(b).  For instance, the comments state that it may be unconscionable for the lessor to make a statement to induce the lease with the expectation of invoking an integration clause in the lease that would exclude the statement's admissibility in a subsequent dispute.  Texas UCC § 2A.108, "Purposes."  And surely the inclusion of a negative option cannot be compared to the second example of procedural unconscionability provided in the comments, where the lessor threatens violence.  *Id*.  A better comparison is provided by *Cooper v. Lyon Fin. Svs., Inc.*, where the court refused to find procedural unconscionability when the Plaintiff claimed that, while he signed the lease, he was not specifically alerted to certain charges included therein.  *Cooper v. Lyon Fin. Svs., Inc.*, 65 S.W.3d 197, 207-208 (Tex. App. – Houston [14th Dist.] 2001, no pet.).

Accordingly, assuming, without deciding, that Texas UCC § 2A.108(b) allows a court to provide affirmative relief for procedural unconscionability, this Court finds that, as a matter of law, the damage waiver was not unconscionably induced.[4]  Because Plaintiff's claim of substantive

---

[4]It appears that the question of "unconscionability" is a legal question for the court.  *See, e.g.*, Texas UCC § 2A.108(a) and (b) (conditioning a conclusion of unconscionability on "*the court* as a matter of law find[ing] . . .").  *See also* Texas UCC § 2.302, which governs unconscionability in general (as opposed to unconscionability within a lease).  Comments 1 and 3 to § 2.302 make it expressly clear that unconscionability is for the court to decide.  *See also, Pony Express Courier Corp. v. Morris,*  921 S.W.2d 817, 820 (Tex. App. – San Antonio 1996, no writ) (determining that

unconscionability lacks an affirmative cause of action under the UCC, and because Plaintiff has failed, as a matter of law, to demonstrate the sort of gross unfairness required for procedural unconscionability, the Texas UCC § 2A.108 claims should be dismissed.

**D.      Illegal Penalty Under Texas UCC**

Plaintiff's final claim is that the damage waiver constitutes an illegal penalty in violation of Texas UCC § 2A.504.  Original Petition ¶ 26.  Home Depot contends that, like unconscionability violations under Texas UCC § 2A.108, the illegal penalty provisions are defensive in nature and do not provide an independent cause of action.  Motion at 13-14.  This contention draws support from Texas courts that have interpreted the statute's common law equivalent as being purely defensive. *Gallardo*, 2004 WL 1932662, at *2.  In *Gallardo*, the plaintiff claimed that late fees charged by a cable television provider constituted an illegal penalty.  2004 WL 1932662 at *2.  The court stated: "A review of Texas case law reveals that penalty is an affirmative defense and not an independent cause of action." *Id*. (citing *Phillips v. Phillips*, 820 S.W.2d 785, 789 (Tex. 1991).  The court noted and then distinguished the solitary exception to this rule, *TCI Cablevision of Dallas, Inc. v. Owens*, 8 S.W.3d 837 (Tex. App.–Beaumont 2000, pet. dism'd by agr.).  Specifically, the court concluded that *Owens* was inapposite because it focused on class certification and not the viability of the illegal penalty claim. *Gallardo*, 2004 WL 1932662 at *2.  In addition to these Texas cases,  Home Depot's argument that the illegal penalty provision was not intended to serve as an affirmative cause of action draws support from other jurisdictions. *Horne v. Time Warner Operations, Inc.*, 119 F.Supp. 2d 624, 630 (S.D. Miss. 1999), *affirmed* 228 F.3d 408 (5th Cir. 2000) (citing cases).

---

unconscionability in the context of arbitration agreement is a question of law for the court).

In response, Plaintiff argues that these cases interpret the common law doctrine of illegal penalty, and are irrelevant to the statutory claim under Texas UCC § 2A.504. Plaintiff's Response, p. 7. Plaintiff does not offer any holdings addressing the question of whether Texas UCC § 2A.504 provides an affirmative cause of action, and indeed, it appears that there are none. Instead, Plaintiff refers to the language of the statute – specifically, to the language of Texas UCC § 2A.504(b), which provides that "remedy may be had as provided in this chapter." TEX. BUS. & COMM. CODE § 2A.504(b). Plaintiff argues that because other sections within Chapter 2A authorize damages, damages are implicitly authorized under Texas UCC § 2A.504. Response at 8.

The Court is persuaded by Defendant's argument that Texas UCC § 2A.504 was intended as a defensive mechanism, and not as an affirmative cause of action. All of the relevant authority – albeit relevant by analogy – is to the contrary of Plaintiff's claim that § 2A.504 was intended by the Texas Legislature to create an independent cause of action. Had that been the case, the Legislature could easily made that intent explicit – something it has done in numerous statutes. To adopt Plaintiff's argument would be to judicially create a cause of action where Texas courts themselves have not recognized that claim. A federal court sitting in diversity ought not "expand state law beyond its presently existing boundaries." *Harken Exploration Co. v. Sphere Drake Ins. PLC*, 261 F.3d 466, 471 n. 3 (5th Cir. 2001) (internal citations omitted). Accordingly, given the current state of the law, the Court concludes that the illegal penalty provision contained in Texas UCC § 2A.504 is defensive in nature and, therefore, Plaintiff's claim for affirmative relief under this statute should also be dismissed.

## IV. RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **GRANT** Defendant Home Depot's Motion to Dismiss Plaintiff's Breach of Contract and Texas UCC Claims with prejudice.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation.   A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation to the parties by certified mail, return receipt requested.

SIGNED this 27th day of October, 2006.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE